**SPENCER, WHITE & PRENTIS, INC.,**
**Plaintiff,**

v.

**JACET CONSTRUCTION CORP. and**
**Max Wasserman, Defendants.**

**No. 66 Civ. 1611.**

United States District Court
S. D. New York.

Sept. 14, 1966.

Spencer & Tunstead, New York City, for plaintiff.

Max E. Greenberg, New York City (Harold Rosenwald, Boston, Mass., of counsel), for defendants.

OPINION

MacMAHON, District Judge.

Plaintiff, a New York corporation, contracted with defendant Jacet Construction Corp., a Massachusetts corporation, to build a slurry-trench wall around the foundation of a building in Boston. Plaintiff sues for the unpaid balance allegedly due for its services under the contract. Defendant Jacet represents

that it will assert a defense and counterclaim for damages caused by faulty performance. Jurisdiction is grounded on diversity.

Defendants move under Rule 12(b) of the Federal Rules of Civil Procedure to dismiss the complaint on the ground that this court lacks jurisdiction over their persons, or, in the alternative, to transfer the case under 28 U.S.C. § 1404(a) to the United States District Court for the District of Massachusetts.

This court's jurisdiction over the defendants turns on close questions of fact regarding whether defendants, "in person or through an agent," have transacted "any business" in New York within the meaning of New York's "long-arm" statute.[1] We do not reach that issue, for whether or not we have jurisdiction over defendants is immaterial to our ultimate decision not to dismiss but to transfer the case under 28 U.S.C. § 1404 (a) to the District of Massachusetts.[2]

The balance of convenience of parties and witnesses and the interest of justice weigh heavily in favor of the District of Massachusetts. It may be desirable for the court and jury to visit the building site, which is less than a mile from the United States Courthouse in Boston. All, except two, of the non-party witnesses are in Massachusetts and subject to process there but not here. One non-party witness is a firm of New York architects retained by defendant Jacet. A member of that firm verifies that he is personally familiar with his firm's work in connection with the slurry-trench wall and that he is ready and willing, at the request of the plaintiff or the defendants, without legal compulsion, to testify in Boston and to produce all pertinent drawings and records. The other non-party witness is Raymond International, Inc., a New York corporation whose Massachusetts office performed pile driving work, and most of its pertinent records are in Massachusetts. Moreover, Raymond International will be joined as a defendant to the counterclaim. The counterclaim is compulsory and involves a greater sum of money than the complaint. Plaintiff asserts that the counterclaim will focus on the designs, which are in New York, but it seems clear that the central issue of the entire case is whether plaintiff performed or breached its contract, and that issue will focus on the site of execution of those designs, which is in Boston.

The proposed counterclaim brings in many more witnesses, all of whom live in Massachusetts. Whether or not these people would appear in New York without legal compulsion, the inconvenience to them would be unnecessarily great, not to mention that a trial here, with an array of Boston witnesses, would be vulnerable either to interruption and delay or to the numbing reading of depositions. All of these obstacles to a just, speedy and inexpensive trial on the merits can be avoided by trial in Boston.

Finally, the case will come to trial several months sooner in the District of Massachusetts, which is much less congested than this court. These considerations impel the conclusion that the case belongs not in New York, but in Boston, where it might, and, we think, should, have been brought in the first place.[3]

Accordingly, the motion to dismiss is denied, and the alternative motion to transfer this action to the United States District Court for the District of Massachusetts is granted.

So ordered.

---

1. Section 302 of the New York Civil Practice Law and Rules.

2. United States v. Berkowitz, 328 F.2d 358 (3d Cir.), cert. denied, 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964); Koehring Co. v. Hyde Construction Co., 324 F.2d 295 (5th Cir. 1963). Cf. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

3. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Polaroid Corp. v. Casselman, 213 F.Supp. 379 (S.D.N.Y.1962).