Jerome TOTI, Richard Carpenter, Tony W. Greaves, James R. McClintock, Yvette McClintock, Francis Palmer, Michael Polignone, Jr., Sebert L. Tamplin, Fred M. Waring and Janice Lynne Scrutchfield, Plaintiffs,

v.

PLYMOUTH BUS COMPANY and Charter Coach Corp., Defendants.

No. 68 Civ. 368.

United States District Court
S. D. New York.

March 28, 1968.

A. Walter Socolow, New York City, for plaintiffs.

McLaughlin, Fiscella & Biancheri, New York City, for defendants; John J. Biancheri, New York City, of counsel.

OPINION

HERLANDS, District Judge.

Defendants move, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the Western District of Pennsylvania

on the grounds that such transfer would serve the convenience of parties and witnesses and the interest of justice.

The action, seeking money damages for personal injuries, was commenced on December 22, 1967 in New York State Supreme Court. On January 26, 1968, the action was removed by defendants to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1441.

The present action arises out of a motor vehicle collision, which occurred on October 25, 1966 in Somerset County, Pennsylvania (part of the Western District of Pennsylvania) between defendants' bus and a tractor-trailer owned and operated by persons not parties to this litigation. Plaintiffs, who were passengers on defendants' bus, allegedly received injuries solely as a result of defendants' negligence.

■ Although 28 U.S.C. § 1404(a) empowers a federal district court to transfer an action upon a lesser showing of inconvenience than was required for dismissal under the doctrine of *forum non conveniens,* the statute does not abrogate the right of the plaintiff to select the forum. Norwood v. Kirkpatrick, 349 U.S. 29, 30–32, 75 S.Ct. 544, 99 L.Ed. 789 (1955). Unless the balance of convenience strongly favors the defendant, the plaintiff's choice of forum will not be disturbed. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Ford Motor Co. v. Ryan, 182 F.2d 329 (2d Cir.), cert. denied 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624 (1950). The movant must make a clear-cut showing that, on balance, the interests of justice would be better served and the trial would more conveniently proceed in the other judicial district. S. E. C. v. Golconda Mining Co., 246 F.Supp. 54, 56 (S.D.N.Y.1965), petition for writ of mandamus denied sub nom. Golconda Mining Corp. v. Herlands, 365 F.2d 856 (2d Cir. 1966).

■ Moreover, a showing of inconvenience to the defendant is not enough to justify § 1404(a) relief, where transfer would merely place the inconvenience on the plaintiff. Miracle Stretch Underwear Corp. v. Alba Hosiery Mills, 136 F.Supp. 508, 511 (D.Del.1956).

Defendants assert that the action should be transferred to the Western District of Pennsylvania because there are important witnesses, who are Pennsylvania residents, and therefore not within the subpoena power of this Court. Two of these witnesses are investigators, employed by defendants. Thus, these investigators presumably are under defendants' control and can testify in New York, if defendants so desire. Schmidt v. American Flyers Airline Corp., 260 F.Supp. 813, 814 (S.D.N.Y.1966).

The state trooper, who investigated the accident is another witness referred to in defendants' moving affidavit. However, because the state trooper was not an eye-witness to the accident, the materiality and relevancy of his testimony is somewhat attenuated. It is noteworthy that the prospective testimony of the state trooper is referred to by defendants only in general terms; there is no particularized showing of the importance of such testimony.

Defendants also regard the testimony of the physicians in the Western District of Pennsylvania, who initially examined the plaintiffs following the accident, as highly significant. On the other hand, the plaintiffs also received medical care in New York, Texas, Nevada, California, Illinois, Nebraska and Minnesota. There is no showing that it would be more convenient for the treating physicians in the above states to come to the Western District of Pennsylvania rather than to the Southern District of New York.

Moreover, none of the ten plaintiffs in this action reside in the Western District of Pennsylvania. Indeed, four of these plaintiffs are residents of the State of New York. It would be considerably inconvenient for all of the ten plaintiffs, who are also key witnesses, to be required to travel to the Western District of Pennsylvania in order to try this case.

Defendants point out that, unlike New York, Pennsylvania allows a joint tort-

feasor to be impleaded. From this, they argue that transfer should be granted in order that there may be an opportunity to implead the owners and drivers of the tractor-trailer, who apparently are not amenable to process in New York.

■ There may be a flaw in defendants' argument to the extent that it is postulated upon the implicit assumption that the law of the place of the injury (Pennsylvania) would be applicable on the issue of the liability of joint tortfeasors and their being impleaded by the defendants. When an action is transferred, pursuant to 28 U.S.C. § 1404(a), the transferee court must apply the state law (including rules concerning conflict of laws) that would have been applied had there not been a transfer of venue. Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). The applicable New York choice of law rule is that the law of the state having the greatest interest in the particular issue will govern. Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279, 95 A.L.R.2d 1 (1963).

In this case and upon the record now before it, the Court cannot dogmatically declare which state has the greatest concern on this particular issue. While this Court is not adjudicating this question, it may be significant to observe that New York does have a substantial interest because four of the ten plaintiffs are New Yorkers and the bus trip began and ended in New York.

Finally, defendants call attention to the fact that there is another personal injury action pending against them in the Western District of Pennsylvania by the driver of the tractor-trailer. Herman Williams v. Plymouth Bus Co., No. 67–741. In light of this circumstance, they contend that transfer should be granted in order to enable the two actions to be consolidated.

■ While consolidation is attractive from the standpoint of judicial administration, this feature is not strong enough to outweigh the inconvenience to plaintiffs in trying this action in the Western District of Pennsylvania.

Upon a balancing of all pertinent factors, the Court concludes that the convenience of parties and witnesses and the interest of justice are more effectively served by retaining this action in the Southern District of New York.

Defendants' motion to transfer is hereby denied. So ordered.