Howard **BREINDEL** and Linda Breindel,
Plaintiffs,

v.

**LEVITT AND SONS, INCORPORATED,**
Defendant.

No. 68–C–889.

United States District Court
E. D. New York.

Oct. 25, 1968.

Howard Breindel, New York City, for plaintiffs.

White & Case, New York City, for defendants; David Hartfield, Jr., and Paul Bschorr, New York City, of counsel.

## MEMORANDUM and ORDER

TRAVIA, District Judge.

Plaintiffs, Husband and Wife, allege breach of contract, breach of warranty,

negligence, fraud and misrepresentation in connection with the purchase of a new home in Defendant's Monmouth Heights development situated in Manalapan Township, New Jersey. Suit was brought in the Eastern District of New York, close to Manhattan where Plaintiff HOWARD BREINDEL works and the same District in which the Defendant's executive offices are located. Defendant moves under § 1404(a) of Title 28, U.S.C.A. for an order transferring the action to the United States District Court in Trenton, New Jersey.

The standard by which such a motion is to be judged is whether the transfer of the action is "for the convenience of parties and witnesses, in the interest of justice". 28 U.S.C.A. § 1404(a). "[I]t has been consistently held * * * that plaintiff's choice of a forum will not be disturbed unless the balance of convenience weighs heavily in favor of defendant." Franklin v. Blaylock, 218 F.Supp. 261, 262 (S.D.N.Y.1963), mandamus denied, Blaylock v. McLean, 319 F.2d 533 (2d Cir. 1963). Such a balance has not been shown here.

Defendant maintains that its witnesses will include persons resident in Manalapan Township, New Jersey, and it would be inconvenient for them to appear at trial in New York City. However, such assertions are not sufficient as:

Consideration of the question of venue necessarily involves the requirement on the part of Defendant to carry the burden of overcoming the venue privilege of plaintiff by (a) showing who the witnesses are and where they reside, and (b) in a general way stating what defendant proposes to prove by said witnesses.

Savage v. Kaiser Motors Corp., 116 F.Supp. 433, 434 (D.Minn.1953)

This has not been done by Defendant.

On the other hand, HOWARD BREINDEL, one of the Plaintiffs, and

**44**

his own counsel, states he works in New York City, and a trial in New Jersey would be a great inconvenience to him. When a transfer of the case would merely shift the inconvenience from one party to the other, the plaintiff's choice of forum should not be disturbed. DeLuxe Game Corp. v. Wonder Products Co., 166 F. Supp. 56, 61 (S.D.N.Y.1958). While the inconvenience of counsel is irrelevant as a factor to consider in weighing change of venue, Cressman v. United Air Lines, Inc., 158 F.Supp. 404, 407 (S.D.N.Y. 1958), the convenience of a *party* is relevant, and Mr. Breindel is a plaintiff as well as counsel in the case.

The possibility of a view of the premises, if such a view is appropriate to the action, is a factor to be considered. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Spencer, White & Prentis, Inc. v. Jacet Construction Corp., 258 F.Supp. 473, 474 (S.D.N.Y.1966). If New York City were so far from the site to be viewed that an inspection would be precluded, this might be decisive, but New York City is not much farther from the site to be inspected than is Trenton, New Jersey. Under these circumstances, the argument as to inspection bears little weight.

Finally, it appears that New Jersey law will govern this action, and it has been asserted that it is appropriate to have the trial of a diversity case in a forum that is at home with the state law governing the action. *Gulf Oil,* supra, 330 U.S. at 509, 67 S.Ct. 839. But there have been no allegations that a complex conflict of laws situation could arise, and questions of foreign law are not insoluble for this Court. Heiser v. United Air Lines, Inc., 167 F.Supp. 237, 238 (S.D.N.Y.1958).

Defendant has not made out a case of inconvenience or shown that a change of venue is necessary for "the convenience of parties and witnesses, in the interest of justice". The motion is denied.

So ordered.