422

The GENERAL STATE AUTHORITY (OF PENNSYLVANIA) for the Benefit of CROMPTON-RICHMOND CO., INC., FACTORS, Plaintiff,

v.

AETNA CASUALTY AND SURETY COMPANY, Defendant.

No. 68 Civ. 363 D.N.E.

United States District Court, S. D. New York.

June 17, 1970.

Hahn, Hessen Margolis & Ryan, New York City, for plaintiff.

Lawrence W. McKeown, Mineola, for defendant.

OPINION

EDELSTEIN, District Judge.

This is a diversity action against the defendant insurance company on a performance bond. Under the terms of the bond Aetna Casualty, ("Aetna"), as surety, and Frank M. Sheesley & Co., Inc., ("Sheesley"), as principal, guarantee the Pennsylvania General State Authority the faithful performance of a contract pursuant to which Sheesley was to con-

struct a women's dormitory at West Chester State College, West Chester, Chester County, Pennsylvania.[1] The Pennsylvania General State Authority commenced this action on January 26, 1968, for the benefit of Crompton-Richmond, alleged assignee of certain accounts receivable of Garrett Industries, Inc., ("Garrett"), a subcontractor of Sheesley for work allegedly duly performed by Garrett in connection with the dormitory.

Defendant first moved this court, in April 1968, to transfer venue from the Southern District of New York to the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a).[2] Upon examination of defendant's supporting papers, Judge Tyler then noted in particular the absence of a list of defendant's putative witnesses, their home or work addresses, and the nature and materiality of their testimony, citing Peyser v. General Motors Corp., 158 F.Supp. 526, at 529 (S.D.N.Y.1958). See also Riso Kagaku Corp., v. A. B. Dick Co., 300 F.Supp. 1007, 1010 (S.D.N.Y.1969); Holiday Rambler Corp. v. American Motors Corp., 254 F.Supp. 137, 140 (W.D.Mich. S.D., 1966). Therefore, notwithstanding his observation that "[a]lthough there are factors present in this litigation which would tend to support a transfer to the District Court in Pennsylvania * * *" Judge Tyler felt constrained to deny defendant's motion without prejudice to renew "upon a more complete record."[3] Defendant now renews its earlier motion under 28 U.S.C. § 1404(a).

 Absent a clear cut and convincing showing by defendant that the balance of convenience weighs strongly in favor of the transferee court, plaintiff's choice of forum will not be set aside. Gallen v. Howard D. Johnson Co., 271 F.Supp. 680, 683 (S.D.N.Y. 1967). Factors relevant to such a showing include the convenience of the witnesses, the availability of process to compel the attendance of unwilling witnesses, the interests of justice and of the public, and "all other practical problems that make trial of a case easy, expeditious and inexpensive." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508–509, 67 S.Ct. 839, 91 L.Ed. 1055 (1946); also Gallen v. Howard D. Johnson Co., *supra*, 682–683 (S.D.N.Y.1967); Oil & Gas Ventures, etc. v. Kung, 250 F.Supp. 744, 754 (S.D. N.Y.1966).

While arguments have been advanced with respect to each of these factors, initial consideration is directed to defendant's list of 38 putative witnesses, their addresses, and a brief description of their knowledge of facts relating to the within action. The list consists principally of persons claiming to have firsthand knowledge of the dormitory project and the relevant agreements. As constituted, this list cures the defect noted earlier by Judge Tyler. Assuming, *arguendo,* that some of the testimony of the putative witnesses would be immaterial, or cumulative, and that the number of witnesses is exaggerated, yet it would be unrealistic to doubt that the defense will require the testimony of numerous witnesses so listed. See Schneider v. Sears, 265 F.Supp. 257, 265 (S.D.N.Y. 1967). Furthermore, none of the witnesses listed by defendant is a resident of New York; rather, all reside either in Pennsylvania or in New Jersey, at locations within comparatively easy reach of the District Court in Philadelphia.

1. Diversity exists between Crompton-Richmond Co., Inc., Factors, the alleged real party in interest, a New York corporation, and Aetna Casualty, a Connecticut corporation. The amount in controversy, exclusive of interest and costs, exceeds $10,000. (Plaintiff's Complaint, ¶1)

2. 28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." There is no issue that the suit might have been brought in the Eastern District of Pennsylvania within the meaning of the statute.

3. See memorandum opinion, 68 Civ. 363 (S.D.N.Y. April 19, 1968); rehearing denied on other grounds, April 29, 1968.

And for that matter, two of the five witnesses proposed by plaintiff reside in Pennsylvania, although the remaining three are residents of New York. Clearly the expense and inconvenience involved in a New York trial would greatly exceed that of trial in Philadelphia.

Moreover, the interest of justice weighs strongly in favor of transfer. As noted, all of defendant's and two of plaintiff's five witnesses are beyond the jurisdiction of this court. Process, therefore, would be unavailable to compel the attendance of unwilling witnesses, and athough an argument can be made for the use of deposition testimony, such testimony on key issues is a highly unattractive alternative to live testimony, the availability of which would not be in doubt should transfer be granted. Axe Houghton Fund A, Inc. v. Atlantic Research Corp., 227 F.Supp. 521, 524 (S.D. N.Y.1964).

Secondly, the papers indicate the possibility, albeit conjectural, of consolidating this case with actions now pending in the Pennsylvania state court; the advantages and benefits accruing from settlement of related disputes before a single tribunal cannot be minimized in weighing the merits of a transfer motion. E. g., Schlusselberg v. Werly, 274 F.Supp. 758, 764 (S.D.N.Y.1967); Schneider v. Sears, supra, 265 F.Supp. at 266–267; Rodgers v. Northwest Airlines, Inc., 202 F.Supp. 309, 313 (S.D. N.Y.1962). Next, the possibility that a view of the dormitory project might be necessary if appropriate to the issues cannot be altogether ignored. Spencer, White & Prentis, Inc. v. Jacet Construction Corp., 258 F.Supp. 473, 474 (S.D. N.Y.1966). Clearly such a procedure would be extremely impracticable were trial held here rather than in Philadelphia, within commuting distance of the dormitory. Compare, Breindel v. Levitt & Sons, Inc., 294 F.Supp. 42 (E.D.N.Y. 1968). And, in addition, consideration is given to the benefit to the public and courts in having localized controversies decided in "home" forums. Gulf Oil Corp. v. Gilbert, supra, at 509. Prac-

tically the sole contact with this district is that Crompton-Richmond, Garrett's alleged assignee, is a New York corporation whose principal place of business is in New York. But, on the other hand, Sheesley is a Pennsylvania corporation with its principal place of business in Pennsylvania. Garrett's principal office is also in Pennsylvania, the vast majority of witnesses and documents are located in Pennsylvania, and the subject matter of the controversy involves activities performed solely within Pennsylvania. Clearly these latter factors indicate a substantial relationship between the transferee court and the subject matter of the litigation, a relationship altogether lacking in this district.

■ Plaintiff's claim that defendant is guilty of laches in bringing this motion eleven months after pre-trial procedures were completed fails for the reason that, conceding arguendo the inordinate delay, plaintiff has made no showing of prejudice to itself resulting from the delay. Costello v. United States, 365 U.S. 265, 282, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961); accord, United States v. Manufacturers Hanover Trust Co., 229 F.Supp. 544, 546 (S.D.N.Y.1964).

■ Finally, the failure of the defendant to designate expressly a forum for litigation does not, as plaintiff argues, constitute a waiver of defendant's right to contest venue in a proper forum. To hold otherwise would have the effect of requiring parties to contract expressly to preserve an objection under 28 U.S.C. § 1404(a) as an indispensable precondition for subsequently challenging concededly proper venue under that section. This result would work a hardship on the federal rules and, as such, is clearly untenable.

■ In conclusion, defendant has clearly and persuasively satisfied this court that transfer to the Eastern District of Pennsylvania would best serve the convenience of the witnesses and parties and the interests of justice. Accordingly, defendant's motion is granted upon the terms and conditions agreed to by

the parties at oral argument and in the papers, which are as follows:

(a) That defendant consents to the jurisdiction of the District Court for the Eastern District of Pennsylvania and waives any and all defenses which might otherwise be based thereon; and

(b) That defendant agrees to waive any and all defenses that defendant could raise in the District Court for the Eastern District of Pennsylvania but could not raise in the Southern District of New York, including, but not limited to the defenses of the Statute of Limitations, timely notice of claim, timely institution of suit, proper parties plaintiff and defendant; and

(c) Defendant agrees to pay the reasonable expenses of plaintiff's witnesses in attending trial in Philadelphia, and the increase, if any, in reasonable attorney's fees incurred by plaintiff solely by reason of the transfer to the Eastern District of Pennsylvania from the Southern District of New York.

The parties are directed to prepare an order incorporating the decision of this court and terms upon which it is conditioned.

So ordered.