**ATLANTIC RICHFIELD COMPANY**

**v.**

**STEARNS-ROGER, INC.**

**Civ. A. No. 73–1933.**

United States District Court,
E. D. Pennsylvania.

Aug. 15, 1974.

———◆———

Kenneth Syken, Richter, Syken, Ross & Levant, P.A., Philadelphia, Pa., for plaintiff.

Donald J. P. Sweeney, McWilliams & Sweeney, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HIGGINBOTHAM, District Judge.

This matter comes before the Court on defendant's motion under 28 U.S.C. § 1404(a) to transfer this suit to the Eastern Division of the Southern District of Iowa. For reasons hereinafter set forth, defendant's motion is Denied.

Plaintiff, Atlantic Richfield Company ("Atlantic"), brought this suit to recover damages sustained by it when it owned a fertilizer plant located at Fort Madison, Iowa. Plaintiff is a Pennsylvania corporation, having its principal place of business in Los Angeles, California. The defendant, Stearns-Roger, Inc. ("Stearns"), is a Colorado corporation which also maintains its principal place of business in Colorado but does business in the Eastern District of Pennsylvania.

Prior to June 1, 1968 the fertilizer plant in question was owned and operated by Sinclair Petrochemicals, Inc., then a subsidiary of Sinclair Oil Corporation ("Sinclair"). On said date Sinclair and Stearns' parent corporation, Stearns-Roger Corporation, executed a "Maintenance Agreement," whereby the latter agreed to perform all the necessary maintenance work at the fertilizer plant. On March 4, 1969, Atlantic merged with Sinclair, with the former succeeding to and assuming all the rights and obligations of the latter. The "Maintenance Agreement," as originally entered into on June 1, 1968, was amended on March 29, 1972 so that, among other things, the "Maintenance Agreement" could be assigned from Stearns' parent corporation to Stearns.

Although Atlantic owned the fertilizer plant after its merger with Sinclair, the Iowa plant was operated by employees of ARCO Chemical Company, a division of Atlantic. The headquarters for ARCO Chemical Company and for its general eastern marketing operation are located in the Eastern District of Pennsylvania. On August 31, 1973 Atlantic transferred all its interests in the fertilizer plant to First Mississippi Corporation. All business records which had been stored and maintained at Fort Madison were thereafter removed to the Eastern District of Pennsylvania.

The events prompting this litigation occurred on July 24, 1972, when employees of Stearns allegedly negligently transported a steam generator. Using a crane which had been leased by Atlantic from a third party, Stearns' employees dropped a steam generator on a heat exchanger, costing damages approximating $100,000. Moreover, the Complaint contends, the extensive damage to this equipment resulted in an interruption of normal plant operations, culminating in additional damages of several hundred thousand dollars.

28 U.S.C. § 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

■■ In view of the fact that the incident in issue occurred in the Southern District of Iowa, it is irrefragable that this suit therefore could have been

brought there. But a final determination on a motion to transfer does not rest entirely on the situs of the tort. When all the relevant criteria are weighed, the record must preponderate strongly in favor of the moving party before the plaintiff's choice of forum will be disturbed. See, e.g., General State Authority v. Aetna Casualty & Surety Co., 314 F.Supp. 422, 423 (S.D.N.Y., 1970); St. Joe Paper Co. v. Mullins Manufacturing Corp., 311 F.Supp. 165, 168 (S.D.Ohio 1970); General Electric Co. v. Westinghouse Electric Corp., 297 F.Supp. 84, 86 (D.Mass. 1969); and Popkin v. Eastern Air Lines, Inc., 253 F.Supp. 244, 246 (E.D.Pa.1966).

The moving party under § 1404(a) bears the burden of demonstrating that the current forum, on balance, is inconvenient. Wm. A. Smith Contracting Co., Inc. v. Travelers Indemnity Co., 467 F.2d 662, 664 (10th Cir. 1972); Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3rd Cir. 1970), cert. denied, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971), and Texas Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967). Defendant's burden has not been satisfied here, since granting defendant's motion would only shift the inconvenience from the defendant to the plaintiff. Aquarium Pharmaceuticals, Inc. v. Industrial Press. & Pack., Inc., 358 F.Supp. 441, 446 (E.D.Pa.1973); Toti v. Plymouth Bus Co., 281 F.Supp. 897, 898 (S.D.N.Y.1968), and Schmidt v. American Flyers Airline Corp., 260 F.Supp. 813, 815 (S.D.N.Y.1966).

In its moving papers defendant has not filed any affidavits specifically identifying its witnesses and their residences, or outlining generally the content and relevance of their testimony. Nor has it noted the particular inconveniences of those witnesses. Jones Knitting Corp. v. A. M. Pullen & Co., 50 F.R.D. 311, 316–317 (S.D.N.Y.1970); Breindel v. Levitt & Sons, Inc., 294 F.Supp. 42, 43 (E.D.N.Y.1968); Oil & Gas Ventures – First 1958 Fund, Ltd. v. Kung, 250 F.Supp. 744, 756–757 (S.D.N.Y.1966); Securities & Exchange Commission v. Harwyn Publishing Corp., 232 F.Supp. 274, 277 (S.D.N.Y. 1964), and Johnson v. Chicago, Rock Island & Pacific R.R. Co., 228 F.Supp. 160, 161 (D.Minn.1964). The Court of Appeals for the Tenth Circuit, in Chicago, Rock Island & Pacific Railroad Co. v. Hugh Breeding, Inc., 232 F.2d 584, 588 (10th Cir. 1956), made the following observations:

"It is not sufficient to merely state that the railroad has twenty witnesses it must transport to Oklahoma. To discharge the burden resting upon it, it was necessary to set out in the affidavit the substance of the evidence of these witnesses so that the court in reaching its conclusion might consider the materiality thereof or whether it tended to establish a material fact different from that of the eyewitnesses or whether it tended to contradict material testimony of other witnesses. In the absence of any showing as to materiality of the evidence of these twenty witnesses, merely stating that the railroad is compelled to transport ten of its employees to Oklahoma and that it may not be able to compel the attendance of the ten nonemployee witnesses is not sufficient for us to conclude that the trial court abused its discretion in refusing to transfer the case to the Kansas Court."

Contrariwise, plaintiff has submitted the appropriate affidavits by the Controller of ARCO Chemical Company and the corporate counsel of Atlantic. Of the ten witnesses identified, only four of those witnesses are residing in the Southern District of Iowa. For the latter four witnesses, plaintiff has indicated its intention of taking videotape depositions to preserve their testimony should they be unable or unwilling to attend a trial. Briefly, these persons, their current residences, and their significance to the events in dispute, are (1) James L. Cook, plant manager on

July 24, 1972, who is cognizant of plant production and the damages incurred, now residing in Los Angeles, California; (2) Joseph I. Cresta, head of maintenance division of the plant, who is knowledgeable about defendant's duties, now located in Princeton, New Jersey; (3) Charles W. Lamb, chief inspector for the plant, who is aware of defendant's obligations and the costs of the repairs, now in Houston, Texas; (4) John Faulhaber, accounting manager for the plant, who is familiar with the damages, now in Richland, Washington; (5) and (6) Arnold Glassman and Robert J. Joos, who are knowledgeable about the damages from an accounting standpoint, now in Philadelphia, Pennsylvania; (7) Cal O. Davis, crane operator involved in the incident, currently not an employee of either party in this action, now in Morning Sun, Iowa; (8) and (9) Vern Six and Les Peters, crane experts who assisted in the investigation, now respectively in Des Moines, Iowa and Ames, Iowa; and (10) Chet Beach, defendant's supervisor at the time of the incident.

Ease of access to sources of proof is a factor which must be considered by the Court in making its determination. Polin v. Conductron Corp., 340 F.Supp. 602, 606 (E.D.Pa.1972). In the instant case all of plaintiff's records relating to damages and the incident involved here are located in the Eastern District of Pennsylvania.

While the Court recognizes that Iowa law will be applied, that factor does not alter the result. Little weight should be attached to the fact that foreign law controls the disposition of the case. Monsanto Co. v. United Gas Pipe Line Co., 360 F.Supp. 1054, 1056 (D.D.C. 1973); Ocean Science & Engineering, Inc. v. International Geomarine Corp., 312 F.Supp. 825, 830 (D.Del.1970), and Breindel v. Levitt & Sons, Inc., *supra,* 294 F.Supp. at 44.

Finally, defendant stresses the transfer should be granted so that the jury, if necessary, could view the premises of the factory and the equipment. The Court, however, does not believe that such a viewing would be essential or advantageous for a sound disposition of the case. The damaged equipment has already been repaired and therefore pictorial representations of the equipment immediately after the incident would have more probative value. Moreover, if needed, a film representation of the factory in operation would be less disruptive of a trial and would adequately fulfill that function under the circumstances presented by this record.

For all of the above reasons, the Court finds that defendant's motion for a change of venue should be Denied.