OPTICAL RECORDING
CORPORATION,
Plaintiff,

v.

CAPITOL–EMI MUSIC, INC.
and Capitol Records,
Inc., Defendants.

Civ. A. No. 92–425–JJF.

United States District Court,
D. Delaware.

Oct. 16, 1992.

**972**

Robert K. Payson, and David A. Anderson, of Potter Anderson & Corroon, Wilmington, Del., for plaintiff.

Douglas E. Whitney, and Jack B. Blumenfeld, of Morris Nichols Arsht & Tunnell, Wilmington, Del., Ivan S. Kavrukov, Norman H. Zivin, and Donna A. Tobin, of Cooper & Dunham, New York City, for defendants.

## MEMORANDUM OPINION

FARNAN, District Judge.

This is an action for patent infringement brought by Optical Recording Corporation ("ORC") against Capitol–EMI Music, Inc. and Capitol Records, Inc. ("Capitol"). Prior to the filing of this action on July 22,

1992, by ORC, Defendant Capitol Records, Inc. filed on July 2, 1992, a declaratory judgment action against ORC in the United States District Court for the Southern District of New York (Civil Action No. 92 Civ. 4955) (the "New York lawsuit"). Both this action and the New York lawsuit involve the same two United States patents, Nos. 3,795,902 (the '902 patent) and 3,891,794 (the '794 patent) which are owned by ORC.

On July 22, 1992, when ORC filed this action, it also filed a Motion to Dismiss for lack of personal jurisdiction in Capitol's New York lawsuit. A hearing on ORC's Motion to Dismiss in the New York lawsuit was held on September 18, 1992, before the Honorable Gerard L. Goettell, and a decision is pending.

Capitol's time to answer or otherwise respond to this action was extended by Stipulation of the parties to August 28, 1992, at which time Capitol filed a Motion to Dismiss, Stay or Transfer, which is pending before the Court and the subject of this Memorandum Opinion.

In its Motion to Dismiss, Stay or Transfer, Capitol contends: (1) this action should be dismissed in deference to the New York lawsuit which is entitled to proceed because of its status as the "first-filed" action, and (2) this action should be stayed pending a determination of the "first-filed" New York lawsuit or transferred pursuant to 28 U.S.C. § 1404(a) for consolidation with the New York lawsuit. For the reasons discussed below, Capitol's Motion to Dismiss, Transfer or Stay will be denied.

## A. CAPITOL'S MOTION TO DISMISS, TRANSFER OR STAY—

### The "First–Filed" Issue

In 1941, the Court of Appeals for the Third Circuit held that "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *Crosley Corp. v. Hazeltine*, 122 F.2d 925, 929 (3d Cir.1941). This policy of comity has become known as the "first-filed" rule and requires federal district courts, absent unusual circumstances, to promote efficiency in the federal trial

courts by avoiding duplicative litigation. *Berkshire Inter. Corp. v. Marquez,* 69 F.R.D. 583, 586 (E.D.Pa.1976).

In 1988, the Court of Appeals reaffirmed the nature and purposes of the first-filed rule in *Equal Employment Opportunity Commission v. University of Pennsylvania,* 850 F.2d 969 (3d Cir.1988), *aff'd,* 493 U.S. 182, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990). In *EEOC,* the Court also discussed circumstances under which district courts might, in their discretion, find departure from the rule appropriate. *Id.* at 972.

In opposing Capitol's present application, ORC contends that the circumstances of this case counsel that the Court should exercise its discretion and depart from the rule. In support of its position, ORC asserts that since early 1990, ORC has been involved in settlement negotiations with the corporate parent of Capitol concerning Capitol's alleged infringement of the patents in suit (Plaintiff's Memorandum in Opposition to Defendants' Motion at p. 4). ORC alleges those settlement negotiations were ongoing until April 1992 when they were suspended pending the outcome of *ORC v. Time Warner,* Civil ·Action No. 90–314–JJF, a case litigated before this Court, which involved the same patents and compact disc technology at issue in the instant litigation. *Id.* at p. 5. ORC contends that it was its understanding with Capitol that after a verdict was rendered in *Time Warner* and depending on the nature of the verdict, the settlement discussions might continue. *Id.* at p. 5. ORC alleges that after it obtained a favorable verdict in the *Time Warner* suit, in June 1992, it accordingly, on July 2, 1992, sent correspondence to Capitol informing them of its favorable result in *Time Warner* and requesting further discussions. *Id.* at p. 6.

On July 2, 1992, the same day ORC sent its letter, Capitol Records, Inc. filed the New York lawsuit against ORC seeking a declaratory judgment with regard to the validity of the '902 and '794 patents. ORC argues, in essence, that the precipitous legal action taken by Capitol Records, Inc. was an effort by Capitol to avoid being sued in the District of Delaware where it would be confronted with the rulings and precedent of the *Time Warner* litigation. ORC contends that it had never threatened litigation against Capitol and believed in good faith that its disputes with Capitol could and would be resolved amicably. ORC argues that these circumstances warrant a departure from the first-filed rule. Further, ORC argues that since Capitol has obtained an Order from this Court granting Capitol's discovery of materials produced by ORC in the *Time Warner* suit, ORC is entitled to proceed with its discovery against Capitol in this litigation.[1]

Capitol responds to the contentions of ORC by arguing that the circumstances relied upon by ORC do not amount to the type of "special circumstances" or "exceptional circumstances" contemplated by the Third Circuit in *EEOC.*

The first-filed rule was crafted to avoid the waste of judicial effort by the conduct of duplicative litigation in federal courts. Common sense dictates that two district courts should not simultaneously preside over a dispute involving the exact same issues and parties. As a general rule, when two federal courts are advised that both are handling the same case, a reasonable and practical procedure is to have the court where the action was first filed to preside over the litigation. Such a procedure addresses the legitimate concern that duplicative litigation and waste of resources not occur in our federal trial courts. However, it is equally reasonable and practical for a district court not to defer to the first-filed jurisdiction if the court can demonstrate that the second-filed court can insure that it is in a better position to preserve judicial resources and avoid duplication.

As mentioned previously, this is a patent case. Patent cases are generally recognized by litigants, attorneys and courts as complicated. Often times, the complexity of a patent case arises from the technical information that must be learned and understood by the court in order to

---

1. Order entered on August 20, 1992. Docket Item No. 9.

render decisions throughout the litigation process. In this action and the New York lawsuit, the technology of the patents in suit is the same as the technology and patents involved in the *Time Warner* litigation recently concluded in this district. This Court presided over the *Time Warner* litigation from its filing through trial and post-trial motions. The Court is familiar with the relevant technology and the patents. The Court's familiarity with the subject matter of the litigation will reduce the expenditure of judicial resources in the handling of this matter. This circumstance alone is sufficient, in the Court's view, to justify departure from the first-filed rule. However, other circumstances exist which further support the Court's retaining jurisdiction. For instance, this action has proceeded further than the New York lawsuit. The Court has already permitted Capitol to commence discovery and the Court has entered a Scheduling Order (Docket Item No. 20) and by agreement of the parties, scheduled trial to commence on January 24, 1994.

Thus, the Court concludes that special or exceptional circumstances do exist in this case and a departure from the first-filed rule is justified.[2]

For the reasons discussed, the Court will deny Capitol's Motion to Dismiss.

### B. CAPITOL'S MOTION TO TRANSFER

█ Capitol has, in the alternative, moved that this action be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). When considering a request to transfer, the Court must focus on the convenience of the parties and witnesses and the interest of justice. *Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir.1970).

█ In its papers, Capitol concedes that it has not demonstrated that the convenience factors strongly indicate that a transfer of this action is warranted. Instead, Capitol focuses the Court's attention on the interest of justice factor. (Opening

Brief of the Defendant, p. 7). Capitol argues that the continuation of this action and the New York lawsuit simultaneously requires the Court to transfer this action to the Southern District of New York where it can be consolidated with the New York lawsuit. Capitol argues that transfer will permit the parties to proceed before one court and judicial economy will be achieved.

The Court has already discussed in detail its view of why this action can be more efficiently managed in this district. For the same reasons, the Court is persuaded that Capitol has not established that transfer of this matter is appropriate under the principals of § 1404(a) and, therefore, Capitol's Motion to Transfer will be denied.

### CONCLUSION

Defendants' Motion to Dismiss, Transfer or Stay will be denied in its entirety. An appropriate Order will be entered.

---

2. To insure that duplication of effort between the two federal courts involved here will not occur, the Court will entertain an application to reconsider its finding if the New York court determines its action should continue and not be deferred to the second-filed action.