OMNI–EXPLORATION, INC.

v.

Donald P. McGOOKEY.

Civ. A. No. 81–1105.

United States District Court,
E. D. Pennsylvania.

June 3, 1981.

Francis P. Devine, White & Williams, Philadelphia, Pa., for plaintiff.

John G. Jenemann, Detweiler, Hughes & Kokonos, Philadelphia, Pa., for defendant.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

Plaintiff Omni-Exploration, Inc. ("Omni") is a Pennsylvania corporation engaged in the business of oil and gas exploration, development and production. From October, 1979 to May, 1980, defendant Donald P. McGookey, a geologist, was employed as plaintiff's Vice-President of exploration. On May 8, 1980, the parties entered into a contract whereby Mr. McGookey agreed to act as an independent consultant to Omni and to operate a West Texas office for the company. Disputes arose between Omni and McGookey during the months following the execution of this contract concerning their respective rights under the agreement. On December 31, 1980, Omni notified Mr. McGookey both by telephone and by letter that it was "terminating" its consulting contract with him on the ground that he had breached terms and conditions of the agreement by claiming certain prospects as his own.

During the early months of 1981, the parties attempted to negotiate their differences, particularly their disagreements concerning the ownership and sale of certain geological prospects. Despite these negotiations, on March 12, 1981, Mr. McGookey filed suit in United States District Court for the Western District of Texas, seeking damages for Omni's alleged breach of the consulting contract. Eight days later, on March 20, 1981, Omni instituted this lawsuit in the Eastern District of Pennsylvania, requesting, *inter alia*, a temporary restraining order and/or preliminary injunction prohibiting McGookey from selling, leasing or otherwise transferring the contested prospects.

I denied Omni's motions for a TRO and for a preliminary injunction. Now before me are plaintiff's motion to enjoin the litigation filed by Mr. McGookey in Texas and

defendant's motion to dismiss this case or stay the proceedings. For the reasons set forth below, I will deny the motion to enjoin the Texas matter and enter an order staying all proceedings in this case until resolution of the case filed in Texas.

The first argument made by plaintiff in support of its motion is that Mr. McGookey won the race to the courthouse because he had "lulled" Omni into believing that their differences could be resolved amicably. In support of this claim, Omni points to a series of telephone conversations and letters it exchanged with McGookey during February and March of 1981. For example, plaintiff asserts that in a February 23, 1981 letter to Mr. McGookey it proposed terms for the sale of the contested prospects by Omni to third parties and that in a March 4, 1981 letter it restated the proposal with the proviso that if McGookey did not accept these terms by March 10, 1981, the offer would terminate. According to Omni, Mr. McGookey telephoned Warren Trainor, its general counsel, on March 10, 1981, to request an extension until March 13th to consider Omni's proposal. During this conversation, however, he failed to tell Mr. Trainor that he had caused a summons to be issued from the U. S. District Court in the Western District of Texas against Omni on that day. Similarly, in a March 16, 1981 telephone conversation with Mr. Trainor, Texas counsel for Mr. McGookey made no mention of the lawsuit filed by McGookey on March 12, 1981. Not until March 17, 1981 did defendant inform Omni that he had instituted litigation. In plaintiff's view, the conduct of McGookey and his representatives misled Omni, making it believe that it need not seek redress in the courts.

Defendant McGookey puts a different gloss on the negotiations occurring between Omni and him during the first months of 1981. According to him, the correspondence and telephone conversations between the parties focused on various proposals for the sale of certain disputed geological prospects, but neither party agreed to relinquish any rights under the contract or to forego litigation. Indeed, McGookey asserts that his letters to Omni show that he intended to take an "aggressive stance" in protecting his rights under the contract which, in his view, Omni had breached unlawfully. As an example, he cites a paragraph in his February 26, 1981 letter to Donald D. Drury, a Vice-President of Omni, which states:

> It is understood and agreed that by acceptance of this letter neither Omni or McGookey waves (sic) any rights under the contract of May 8, 1980 and that this is a separate and independent agreement for new and independent work unrelated to those efforts described in the consulting contract of May 8, 1980.
>
> (Exhibit "A" to defendants' supplemental memorandum).

Mr. McGookey argues that Omni has not shown that his conduct "lulled" Omni into inaction; therefore, this case should be stayed or dismissed because he legitimately won the race to the courthouse.

After careful consideration of the affidavits submitted by the parties and the arguments made concerning this issue, I am not persuaded to abandon the general rule that when there is more than one lawsuit involving the same parties and the same issues pending in different courts, the court first obtaining jurisdiction of the parties and the issues should proceed with the litigation.[1] See, e. g., Berkshire International Corporation v. Marquez, 69 F.R.D. 583, 586 (E.D.Pa.1976).

Citing three decisions from the Southern District of New York and a decision from the District of Nebraska, plaintiff argues that this case presents "extraordinary circumstances" which make inapplicable the general rule giving priority to the first filed case. In my view, these cases are factually distinguishable and do not control the issue raised here. In Columbia Pictures Industries, Inc. v. Schneider, 435 F.Supp. 742 (S.D.N.Y.1977), although the court clearly

---

1. Where an action is brought in one federal district court and a later action involving the same parties and issues is brought in another federal district court, the first court may enjoin the prosecution of the later filed case. Meeropol v. Nizer, 505 F.2d 232, 235 (2d Cir. 1974).

did not approve of the fact that plaintiff had filed an action in New York while defendants were continuing good faith attempts at settlement, it decided to give priority to the defendant's later filed suit in California because there was a substantial question about whether personal jurisdiction over the defendants existed in New York.

The second case cited by Omni, *Brierwood Shoe Corp. v. Sears, Roebuck & Co.*, 479 F.Supp. 563 (S.D.N.Y.1979), does not concern a motion to enjoin another proceeding but rather a motion by the defendant Sears, Roebuck & Co. to transfer the case to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a) or in the alternative to stay the proceedings pending trial of a similar case filed in the Northern District of Illinois. The greater part of the opinion is devoted to discussing how defendant had failed to meet its burden under Section 1404(a) to show that the interests of justice and the balance of conveniences weighed strongly in favor of transfer. The court's decision to deny the motion to stay appears to have been based on several factors which are not relevant to the instant case and do not bear repeating here. While the *Brierwood Shoe* court did not believe the fact that defendant Sears had won the race to the courthouse by filing its suit against Brierwood in the Northern District of Illinois two days earlier to be sufficient grounds to stay the proceedings, the court did not find any misconduct on the part of Sears regarding the institution of that suit. Rather, the court praised Brierwood for giving advance notice to Sears that it would be seeking authorization from its board of directors to initiate suit.

The third case cited by plaintiff is also inapposite. In *Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc.*, 267 F.Supp. 938 (S.D.N.Y.1967), the court expressed disapproval of plaintiff's institution of litigation while the parties were still engaged in settlement negotiations. However, the court's decision to transfer the case to the district where the later filed case was pending was based on a finding that the interests of justice and the convenience of the parties

favored the transfer. The final case relied upon by Omni is *Creighton Omaha, Etc. v. Lomas & Nettleton Co.*, 486 F.Supp. 392 (D.Neb.1981). In the *Creighton* case, as in the others already discussed, the court decided to deviate from the general rule giving preference to the first filed case for a number of reasons. Although the court in *Creighton* plainly disapproved of the fact that defendant Lomas had filed suit in Texas while settlement negotiations were ongoing, its refusal to stay the Nebraska proceeding was predicated also on the grounds that there was a substantial possibility that the Texas court did not have *in personam* jurisdiction over Creighton, that the Texas forum had slight connection with the controversy and that Nebraska was a more convenient form for the parties and the witnesses.

In addition to their respective claims concerning which action should be given priority, both parties argue that considerations of judicial economy and of the convenience of the parties favor their particular choice of a forum. As support for its claim that the instant matter should be allowed to proceed in the Eastern District of Pennsylvania, Omni cites the following factors: (1) the contract was executed in Pennsylvania and is governed by Pennsylvania law; (2) the "documentation of the relationship between the parties" is located in Omni's Pennsylvania offices; (3) this action has proceeded further than the Texas suit; (4) this case, unlike the Texas action, is addressed to a threat of immediate and irreparable harm; and (5) that all the witnesses who have knowledge of the negotiation of and drafting of the contract as well as of the factors leading to Omni's termination of the contract reside in Pennsylvania.

While apparently conceding that Pennsylvania law governs this contract, Mr. McGookey contends that the Texas district court judge is as capable of applying the general contract principles relevant here as is a federal district court judge sitting in Pennsylvania. In addition, McGookey argues that as to the issue of the convenience of the parties and the witnesses the preferable

forum is in Texas. He has identified by name seven witnesses who reside in Texas whom he may call for his case in chief. Also, McGookey claims that both sides will need to call expert witnesses familiar with the oil and gas industry in general and West Texas land and subsurface properties in particular and that those experts are to be found in Texas.

Having carefully considered these arguments and the relevant portions of the stipulations offered by both sides, I conclude that it would be most appropriate to stay the proceedings in this case pending resolution of the Texas matter. The parties apparently agree that Pennsylvania law should govern interpretation of the contract, and Omni does not argue that the judge hearing the case in Texas is incapable of interpreting and applying properly that law. While both parties have made colorable arguments in support of their contrary claims about which forum would be most convenient for the witnesses and the parties, given that Omni has filed a motion to transfer under 28 U.S.C. § 1404(a) in the Texas matter and that no such motion is before me, I do not believe that I should decide the *forum conveniens* question. If the judge presiding over McGookey's Texas lawsuit decides that the Eastern District of Pennsylvania is the most appropriate forum in terms of the convenience of the parties and witnesses, he or she can order that action transferred to this district and Omni can move to lift the stay on the proceedings in this case and to consolidate the cases.

For all of the foregoing reasons, I will deny plaintiff's motion to enjoin the prosecution of the Texas action and grant defendant's motion to stay the proceedings in this case until resolution of the Texas matter.