**Gary D. BONNELL**

v.

**GENERAL MOTORS CORPORATION.**

**Civ. A. No. 81–2668.**

United States District Court,
E. D. Pennsylvania.

Oct. 16, 1981.

William L. Keller, Richter, Syken & Ross, P.A., Philadelphia, Pa., for plaintiff.

George J. Lavin, Jr., and Richard J. Heleniak, Liebert, Short, Fitzpatrick & Lavin, Philadelphia, Pa., Thomas Morrissey, Carpenter, Bennett & Morrissey, Newark, N. J., for defendant.

MEMORANDUM AND ORDER

GILES, District Judge.

Plaintiff commenced suit in the Philadelphia Court of Common Pleas, alleging that he was wrongfully discharged from his employment as Area Service Manager of defendant, General Motors Corporation's Chevrolet Division. The action was properly removed to this court by defendant pursuant to 28 U.S.C. § 1441. This court has subject matter jurisdiction based on diversity of citizenship and the amount in controversy. *See* 28 U.S.C. § 1332. Defendant now moves to transfer venue to the United

States District Court for the Middle District of Pennsylvania (hereinafter "Middle District") pursuant to 28 U.S.C. § 1404(a). For the reasons that follow, the motion is granted.

Defendant contends that venue in the Middle District is proper and preferable because plaintiff was employed in defendant's Harrisburg office. It asserts that a majority of the material fact witnesses and the bulk of relevant documents are located in Harrisburg, within the Middle District. Moreover, defendant claims that plaintiff will not be inconvenienced by the transfer since he is a citizen of Ohio and since, with one exception, none of his witnesses resides in the Philadelphia area. Plaintiff asserts that his choice of forum must be given great weight, absent proof by defendant of compelling reasons for transfer. He claims that defendant has not produced such evidence and that transfer is, therefore, improper.

In determining whether venue is properly transferred in any given case, 28 U.S.C. § 1404(a) governs. It provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought.

Several factors are to be considered in deciding whether transfer is appropriate under these broad standards, including: "plaintiff's choice of forum, ..., the private interests of the litigants, the relative ease of access to sources of proof, the inconvenience of witnesses away from home and work, ... and the need for process, the availability of compulsory process for unwilling witnesses, and all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Clay v. Overseas Carriers Corp.*, 61 F.R.D. 325, 330 (E.D.Pa.1973). Here, the burden is on the moving party, the defendant corporation, to carry the burden of persuasion that a change of forum is appropriate. *Id.*

Applying these legal principles to the relevant facts as set forth by the parties, both in the papers filed and at the hearing on the motion held on October 2, 1981, I find transfer is appropriate. By affidavit, defendant has established that the bulk of its fact witnesses reside in the Harrisburg area. These witnesses may include plaintiff's former co-workers at the Chevrolet Motor Division Office in Harrisburg but more importantly, any number of 37 automobile dealers, all of whom are independent contractors, and are located within a fifty-mile radius of Harrisburg. These dealers were serviced by plaintiff and allegedly the dealers' complaints about him to defendant form, in large part, the factual basis of its defense to the complaint.

Under Fed.R.Civ.Pro. 45(d), a majority of defendant's witnesses would have to be subpoenaed through the Middle District in order to compel their attendance at depositions since the dealers are not parties to the action and are not residents of this district. Fed.R.Civ.Pro. 45(d)(2).

Plaintiff's counsel responds that he is willing to depose these witnesses in Harrisburg or to pay all expenses to have them deposed in this district. This merely weighs in favor of defendant's argument that this forum is inconvenient for plaintiff. Moreover, many of these individuals are beyond the subpoena power of this court for purposes of compelling attendance at trial under Fed.R.Civ.Pro. 45(e)(1).

In addition, defendant notes that many of the relevant documents are located in the Harrisburg office, including, plaintiff's files relating to each of the 37 dealers under his jurisdiction, plaintiff's personnel and performance files, and many administrative records. While defendant is uncertain as to the volume of documents, it did indicate that a significant number may be involved. There are no records whatsoever in this district.

Defendant asserts that this forum may well be inconvenient to plaintiff. First, plaintiff will be inconvenienced insofar as he has agreed to conduct depositions of defendant's witnesses in Harrisburg, or to bear the expense of deposing them in this district. Second, plaintiff is a resident of Ohio and, therefore, resides closer to Har-

risburg than Philadelphia. While proximity is not a factor of particular significance given the accessibility of both locations, this court notes that plaintiff is a citizen and resident of Ohio and that there should be no greater inconvenience to plaintiff in travelling to Harrisburg than to Philadelphia. In fact, plaintiff has represented that with the exception of one damage witness, a medical expert, his witnesses are located outside of this district, as are his documents. Thus, plaintiff has no connections with this forum other than the one expert witness and the location of his counsel.

Plaintiff argues that he has commenced a products liability action against defendant in this district and that he will be inconvenienced if he must litigate one suit in this district and one in the Middle District. Apparently, it is a suit for damages for personal injuries sustained when plaintiff was involved in an automobile accident. Plaintiff alleges that the automobile was manufactured and sold by defendant and was defective. In the instant case, he alleges that his discharge was in retaliation for instituting the second lawsuit. These cases have not been termed "related cases" under our local rules of procedure. *See* Rule 3(b)(3) of the *Local Rules of the United States District Court for the Eastern District of Pennsylvania.* Thus, I do not view as relevant the fact that plaintiff will be litigating two independent lawsuits in two different forums.

On balance, considering the proof produced by defendant that many of the witnesses and documents are located in the Middle District, that plaintiff is likely to be inconvenienced by his choice of forum, and that, with the exception of one expert witness, none of the witnesses, documents or other relevant evidence is located in this district, I hold that a change of forum to the United States District Court for the Middle District of Pennsylvania is appropriate, and make the following findings of fact:

1. Plaintiff is a citizen of Ohio.

2. Defendant is a citizen of Delaware with its principal place of business in Michigan.

3. Subject matter exists by virtue of diversity of citizenship and amount in controversy. *See* 28 U.S.C. § 1332(a).

4. Venue is proper in both the Middle District of Pennsylvania and the Eastern District of Pennsylvania under 28 U.S.C. § 1391(a), (c).

5. This action could have been brought in the United States District Court for the Middle District of Pennsylvania.

6. The convenience of the parties and witnesses will best be served by transferring this action to the Middle District, given the location of many of the material witnesses and documents in Harrisburg or its immediate vicinity.

7. Other than one of plaintiff's expert witnesses, none of the relevant witnesses or evidence is located in this district.