**JEFFERSON WARD STORES, INC. and Jefferson Stores, Inc.**

v.

**The DOODY COMPANY.**

No. 82–5832.

United States District Court, E.D. Pennsylvania.

April 4, 1983.

Turrey A. Kepler, Norristown, Pa., for plaintiffs.

Russell A. Kelm, Schwartz, Shapiro, Kelm & Warren, Columbus, Ohio, Harris N. Walters, Southampton, Pa., for defendant.

## MEMORANDUM

LUONGO, Chief Judge.

On December 30, 1982, plaintiffs Jefferson Ward Stores, Inc. (Ward) and Jefferson Stores, Inc. (Jefferson) filed a complaint in this court alleging breach of contract and negligence by the Doody Company. Defendant responded with a Motion to Dismiss, Stay or Transfer the action based on the existence of a prior action instituted by Doody in the Southern District of Ohio.

In December, 1979, Jefferson and Doody contracted for the reformatting of approximately 18 of Jefferson's retail stores. Doody was to develop a specific written "Full Format" plan for the renovation of each store, have the plan approved by Jefferson, and implement it by hiring subcon-

tractors to perform the construction work. Doody hired Harford Construction Company and Sabra Construction Company for this purpose.

Jefferson experienced problems with the resilient flooring installed in the 10 stores involved in this litigation. These stores are located in the Eastern District of Pennsylvania and in New Jersey. On August 11, 1982, after receiving several complaints about the flooring, Doody filed an action against Jefferson, Harford and Sabra in the Southern District of Ohio where it is located, seeking a declaratory judgment determining the rights and obligations of the parties under its agreements with Jefferson and with the subcontractors. Jefferson filed a Motion to Dismiss for lack of personal jurisdiction in the Ohio action on September 3. Harford filed a similar motion on September 27. Neither motion has been decided.

On December 30, 1982, plaintiffs[1] filed suit in this forum alleging breaches of several contract provisions and negligence in connection with the flooring installation. Defendant has moved this court to dismiss, stay or transfer the action because of its pre-existing Ohio action.

Defendant contends primarily that the first suit filed has priority, absent extraordinary circumstances, and this court must, therefore, dismiss, stay or transfer the instant action. Allowing this second action to continue, defendant maintains, would be duplicative litigation and an abuse of discretion.

Plaintiffs counter with a variety of reasons[2] why I should retain jurisdiction. I will not address each of these reasons because I find plaintiffs' argument concerning the Ohio court's possible lack of *in personam* jurisdiction to be dispositive of the issue at this stage of the proceedings.

The Supreme Court has held that a district court has considerable discretion in resolving a conflict of jurisdiction between two federal courts.

> Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems. The factors relevant to wise administration here are equitable in nature. Necessarily, an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.

*Kerotest Manufacturing Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183–84, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952).

The purpose of this discretion is to allow the district court, while protecting the interests of the parties, to conserve judicial resources and avoid duplicative litigation. Allowing the instant action to continue in this forum will not be duplicative. The court in the Ohio action has not yet assumed jurisdiction of the controversy and there is a significant possibility that *in personam* jurisdiction over neither Jefferson nor Ward exists. Jefferson has raised the jurisdictional issue in both the Southern District of Ohio and before this court. It is beyond my power, of course, to resolve the question of the Ohio court's jurisdiction, but plaintiffs' submissions do raise a serious question as to that court's jurisdiction and it is appropriate for me to consider this factor in deciding whether or not to allow the instant litigation to continue. *Omni-Exploration, Inc. v. McGookey,* 520 F.Supp.

---

1. Jefferson Ward Stores, Inc., a plaintiff here, was not a defendant in the Ohio action. It was incorporated on March 20, 1980, after the agreement between Jefferson and Doody had been executed. Ward, however, appears to have been the beneficiary of the reformatting program. On February 3, Doody amended its complaint in the Ohio action to include Ward. Ward has expressed its intention to file a Motion to Dismiss.

2. Plaintiffs argue that I should retain jurisdiction for the following reasons: 1) Defendant's action in the Ohio court is "specious" because the obligations under the contract are clear; 2) the relevant evidence and witnesses are located in the Eastern District of Pennsylvania and in New Jersey; 3) the parties in the two actions are not substantially the same; 4) the issues are not substantially the same; 5) the existence of a prior action is not a grounds for dismissal under Fed.R.Civ.P. 12(b).

36 (E.D.Pa.1981); *Creighton-Omaha Regional Health Care Corporation v. The Lomas & Nettleton Company,* 486 F.Supp. 392 (D.Neb.1980); *Columbia Pictures Industries, Inc. v. Schneider,* 435 F.Supp. 742 (S.D.N.Y.1977).

 Defendant has not addressed, in this forum, the issue of the Ohio court's jurisdiction. Defendant instead cites several cases in which the district court was held to have abused its discretion, according to the general rule that the first case filed should continue, by not enjoining a subsequent action.[3] Defendant has misstated the general rule. It is not the first case filed which has precedence, but "the court first *obtaining jurisdiction* of the parties and the issues" which should proceed with the litigation. *Omni-Exploration, Inc. v. McGookey* at 37 (emphasis added). Defendant also fails to distinguish that in the cases cited, the court in which the first suit was filed did have jurisdiction. That situation may or may not exist here.

Because jurisdiction in this court is clear and has not been contested, and because the issue of jurisdiction has not been resolved in the Southern District of Ohio and the case, therefore, has not proceeded to the merits in that court, I will allow the action in this court to continue. Should the court in Ohio decide that it does have jurisdiction over Jefferson and Ward, upon application of any party, the question of dismissal or transfer of this action may be reconsidered. At this time, however, the motion will be denied.

**3.** *Crosley Corp. v. Westinghouse Electric & Manufacturing Co.,* 130 F.2d 474 (3d Cir.1942), *cert. denied,* 317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546 (1942); *Triangle Conduit & Cable Co. v. National Electric Products Corp.,* 125 F.2d 1008 (3d Cir.1942), *cert. denied,* 316 U.S. 676, 62 S.Ct. 1046, 86 L.Ed. 1750 (1941); *Crosley Corp. v. Hazeltine Corp.,* 122 F.2d 925 (3d Cir. 1941), *cert. denied,* 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1211 (1941).