### In re ASBESTOS SCHOOL LITIGATION.

### No. 83–0268.

United States District Court, E.D. Pennsylvania.

July 16, 1984.

David Berger, Philadelphia, Pa., Herbert B. Newberg, P.C., Philadelphia, Pa., for plaintiffs.

Lawrence T. Hoyle, Jr., Philadelphia, Pa., for defendants (who do not oppose Court's Order of April 13, 1984).

Ralph W. Brenner, Philadelphia, Pa., for defendants (who oppose the Court's order of April 13, 1984).

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before the Court are motions to vacate the Court's Order of April 13, 1984 preliminarily certifying a mandatory class of plaintiffs against three defendants, W.R. Grace & Co., United States Gypsum Company and National Gypsum Company. The Order was entered pursuant to Fed.R. Civ.P. 23(b)(1)(B) and 23(b)(2). The three defendants did not oppose the certification Order. In order to effectuate the establishment of the limited class action, the Court's Order enjoined any further prosecution of pending cases in state or federal court and the filing of any new actions against the three above named defendants. After entry of the Court's Order, plaintiffs and defendants opposing the mandatory class moved to vacate the Order on various grounds including procedural and substantive due process, the AntiInjunction Act, 28 U.S.C. § 2283 (1948), and equitable considerations. On May 11, 1984 the court entertained oral argument on the motions.

## DISCUSSION

The parties maintain that enjoining the further prosecution of prior-filed actions violates, in the case of state court proceedings, the Anti-Injunction Act and, in the case of prior-filed actions in other federal district courts, the due process clause of the fifth amendment. While both these contentions raise legal issues of intense interest, I need not reach either question.

The authority to dissolve the injunction as to prior filed cases rests within the sound discretion of the Court. The essentially equitable nature of the resolution of issues such as these was underscored by the Supreme Court in a leading case concerning duplicative litigation. The Court stated, "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems.... Necessarily, an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts." *Kerotest Manufacturing Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 183–184, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952).

Nonetheless, as a general rule, the first action filed, in which the Court acquires jurisdiction, is ordinarily given precedence. *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929–30 (3d Cir.1941) *cert. denied,* 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1211 (1941). *See also Smith v. McIver,* 9 Wheat (22 U.S.) 532, 535, 6 L.Ed. 152 (1824) (In cases of concurrent jurisdiction, the court which first has possession of the subject must decide the issue.) (Marshall, C.J.); *Crosley Corp. v. Westinghouse Electric & Manufacturing Co.,* 130 F.2d 474, 473 (3d Cir. 1942), *cert. denied,* 317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546 (1942); *Triangle Conduit & Cable Co. v. National Elect. Corp.,* 125 F.2d 1008, 1009 (3d Cir.1942), *cert. denied,* 316 U.S. 676, 62 S.Ct. 1046, 86 L.Ed. 1750 (1942); *Ward Stores, Inc. v. Doody,* 560 F.Supp. 35, 36–37 (E.D.Pa.1983) (Luongo, C.J.); *Omni-Exploration, Inc. v. McGookey,* 520 F.Supp. 36, 37 (E.D.Pa.1981); *Berkshire International Corporation v. Marquez,* 69 F.R.D. 583, 586–87 (E.D.Pa. 1976).

Thus, I conclude that the better course is to abstain from exercising jurisdiction in the interest of fostering comity among coordinate jurisdictions and giving appropriate deference to courts whose jurisdiction had attached first. Therefore, the April 13,

1984 Order will be vacated to the extent that the injunction against further prosecution of pending actions filed in any court prior to April 13, 1984 will be dissolved.[1]

---

1. Disposition of objections raised by parties who had not filed an action prior to the entry of the April 13 Order will be deferred until the Court considers the Motion to Certify on the merits. Oral argument on that motion is scheduled for July 30, 1984.