**GENERAL BATTERY CORPORATION, et al.**

v.

**TSS–SEEDMAN'S, INC.**

**Civ. A. No. 84–3753.**

United States District Court, E.D. Pennsylvania.

Jan. 15, 1985.

Raymond T. Cullen, Philadelphia, Pa., for plaintiff.

Susanna E. Lachs, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

■ Presently before the Court is defendant's motion to dismiss pursuant to FRCP 12(b)(2) and (5), or in the alternative for change of venue pursuant to Title 28 U.S.C. § 1404. Defendant alleges that the action should be dismissed in light of the fact that plaintiff made insufficient service of process, which, in turn, deprived the Court of personal jurisdiction over defendant (hereafter referred to as "TSS"). FRCP 4(d) provides that "the summons and complaint shall be served together". TSS alleges that plaintiffs failed to include the summons with the complaint forwarded via certified mail on August 3, 1984, in accordance with FRCP 4(d) and, therefore, service was insufficient. Plaintiff, while not admitting any defect in service, stated that if such a defect existed it was cured on August 30, 1984, when plaintiff forwarded an alias summons with a copy of the original complaint to TSS. (See Exhibit B, plaintiff's reply brief). The Court finds that even if service was improper the defect was cured when plaintiff served TSS with the second copy of the complaint and the alias summons by certified mail. *Myers v. John Deere, Ltd.*, 683 F.2d 270 (8th Cir. 1982). Therefore, plaintiff's motion to dismiss will be denied.

■ TSS moves, in the alternative, to transfer this action to the Eastern District of New York, pursuant to Title 28 U.S.C. § 1404(a), where a related action is pending. Under Title 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" in consideration of "the convenience of parties and witnesses and in the interest of justice". Moreover, a decision to transfer is committed to the sound discretion of the trial court. *Piper Aircraft Company v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981).

■ In deciding a motion to transfer, we must balance all relevant private and public interest factors. Among the factors to be considered are the plaintiff's choice of forum, the location of the defendant's principal offices, the residence of potential witnesses, the situs of the event giving rise to the suit, the location of pertinent records or documents, the pile-up of litigation in congested centers, and all other practical problems that make the trial of a case easy, expeditious and inexpensive. *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 508–509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *Bonnell v. General Motors Corporation*, 524 F.Supp. 275, 276 (E.D.Pa.1981); *B.J. McAdams, Inc. v. Boggs*, 426 F.Supp. 1091, 1104 (E.D.Pa.1977); *Blender v. Sibley*, 396 F.Supp. 300, 302 (E.D.Pa.1975). TSS does not advocate that consideration of the above enumerated factors weigh in favor of transferring the action to the Eastern District of New York. On the contrary, TSS concedes that consideration of the previously mentioned factors does not warrant a transfer of this matter to any other district. Instead, TSS relies on the existence of a related action pending in the Eastern District of New York as a basis upon which to transfer the present action to that district. TSS states that both actions involve the same parties and issues.

■ It is a well settled principle in the Third Circuit that "when there is more than one lawsuit involving the same parties and the same issues, pending in different courts, the court first obtaining jurisdiction of the parties and the issues should proceed with the litigation". *Omni-Exploration, Inc. v. McGookey*, 520 F.Supp. 36, 37 (E.D.Pa.1981). See also *Jefferson-Ward Stores, Inc. v. Doody, Inc.*, 560 F.Supp. 35 (E.D.Pa.1983). Relying on this general rule TSS contends, first, that the New York

action involves the same issues and parties as the present action; secondly, that the New York Court was first to obtain jurisdiction over the parties, due to the defective service by plaintiff, and, therefore, this action should be transferred to the Eastern District of New York. We disagree..

First, the Court notes that the two actions do not involve all the same parties. The New York action involves only TSS and General Battery Corporation. It does not involve General Battery International Corporation. Therefore, the New York court does not have jurisdiction over all the parties involved in the present action. Second, the Court does not agree with the proposition that the New York court obtained personal jurisdiction first due to the alleged defect in service of process on TSS. This Court finds that due process was satisfied when TSS received plaintiff's complaint via certified mail on August 6, 1984 (see Exhibit A of TSS brief), in that TSS was notified and received actual knowledge of the commencement of the action on August 6, 1984. *Japan Gas Lighter Association v. Ronson Corp.*, 257 F.Supp. 219 (D.N.J.1966); *Giordani v. Hoffman*, 295 F.Supp. 463 (E.D.Pa.1969). Even if the summons did not accompany the complaint, TSS was put on notice that the action had commenced, and any defect was cured when plaintiff mailed TSS the alias summons with the complaint on August 30, 1984. The alleged defect in service was purely technical, did not prejudice TSS, and, therefore, did not deprive this Court of personal jurisdiction over TSS. *Giordani v. Hoffman, supra.* In addition, service was not made by TSS in the New York action until August 14, 1984, and as a result General Battery Corporation was not aware of the New York action until after TSS was notified of the present action.

The Court also notes that the substance of TSS's complaint in the New York action (see Exhibit C, Plaintiff's reply brief) is a compulsory counterclaim to the present action pursuant to FRCP 13(a). Therefore, in light of the fact that this Court has jurisdiction over all parties and issues, and obtained such jurisdiction prior to the New York court, this Court denies TSS's motion to transfer the present action to the Eastern District of New York.