**BALLARD MEDICAL PRODUCTS, Plaintiff,**

v.

**CONCORD LABORATORIES, INC., Smiths Industries, and Medical Systems, Inc., Defendants and Counterclaim Plaintiffs,**

v.

**F. Richard RADFORD, Counterclaim Defendants.**

**Civ. A. No. 88–152 MMS.**

United States District Court, D. Delaware.

Dec. 5, 1988.

Robert H. Whetzel, of Richards, Layton & Finger, Wilmington, Del., Of Counsel: Gary M. Hoffman, Sallie H. Helm, and Michael C. Greenbaum, of Dickstein, Shapiro & Morin, Vienna, Va., for Ballard Medical Products and F. Richard Radford.

Arthur G. Connolly, Jr., of Connolly, Bove, Lodge & Hutz, Wilmington, Del., Sewall P. Bronstein, George W. Neuner, and Ronald I. Eisenstein, of Dike, Bronstein, Roberts, Cushman and Pfund, Boston, Mass., for Concord Laboratories, Inc. and Smiths Industries Medical Systems, Inc.

## OPINION

MURRAY M. SCHWARTZ, Chief Judge.

Defendants, Concord Laboratories, Inc. ("Concord") and Smiths Industries Medical Systems, Inc. ("SIMS") move to transfer an action in this Court filed by the plaintiff, Ballard Medical Products ("Ballard"), to the United States District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1404(a) (1982) or, in the alternative, to stay this action pending resolution of a concurrent federal action in the New Hampshire District Court. In addition, defendants, as counterclaim plaintiffs, move to transfer a counterclaim brought by them against F. Richard Radford ("Radford") in the pending action to the same New Hampshire District Court or, in the alternative, to stay the counterclaim.

This Court, for reasons set forth below, will take the following actions: (1) grant defendants' motion to transfer Ballard's action against defendants to the District of New Hampshire; (2) deny defendants' motion to transfer their counter-claim to the District of New Hampshire; (3) grant defendants' motion to stay their counterclaim pending resolution of the dispute between Ballard and the defendants in the District of New Hampshire.

### 1. *Procedural Setting*

On November 4, 1987, Concord and SIMS filed a complaint in the United States District Court for the District of New Hampshire (the "New Hampshire action") against Ballard seeking a declaratory judgment of non-infringement, invalidity, and unenforceability of the patents owned by Ballard. On March 15, 1988, Ballard moved to dismiss the New Hampshire action on the grounds that jurisdiction and venue were lacking and that Concord had failed to join an indispensable party, namely Radford. On the same day, Ballard and Radford filed the present action in the Delaware District against Concord and SIMS for patent infringement and unfair competition (the "Delaware action").

On April 22, 1988, Concord and SIMS filed an answer to the Delaware action, counterclaimed against both Radford and Ballard, and moved to dismiss Radford's claims on the basis that Radford had assigned all of his interest in the patent to Ballard. The parties on May 11, 1988, filed a stipulation dismissing Radford as a party to the complaint in the Delaware action and

providing for an amended complaint, amended answer, and counterclaim. Ballard filed an amended complaint to the Delaware action on May 12, 1988. On May 27, 1988 Concord and SIMS filed an answer and counterclaim to the amended complaint naming Radford as a counterclaim defendant.

On June 9, 1988, the United States District Court for the District of New Hampshire denied Ballard's Motion to Dismiss. On June 14, 1988, defendants Concord and SIMS filed the present motion before the Court to transfer or, in the alternative, to stay the action pending resolution of the New Hampshire action. On June 23, 1988, Ballard answered the complaint in the New Hampshire action and submitted a counterclaim alleging patent infringement, violation of the Lanham Act, unfair competition, and violation of the New Hampshire Consumer Protection statute.

### 2. *Transfer Motion*

■ Defendants have moved to transfer the cause of action to the United States District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1404(a) (1982). Section 1404(a) states that:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought.

### A. *"Where it Might Have Been Brought"*

The phrase "where it might have been brought" in § 1404(a) is not discretionary. The Court has the power to transfer an action

> only if the plaintiff had an 'unqualified right' to bring the action in the transferee forum at the time of the commencement of the action; i.e., venue must have been proper in the transferee district and the transferee court must have had power to command jurisdiction over all of the defendants.

*Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir.1970), *cert. denied,* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971); *Hoff-*

*man v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960).

Defendants assert that plaintiff, as of March 15, 1988, could have brought the Delaware action in New Hampshire either (1) as a counterclaim to defendants' previously filed action against Ballard in New Hampshire or, in any event, (2) as a separately filed action in New Hampshire against the Delaware defendants. Thus, the defendants allege they have fulfilled the "where it might have been brought" requirement of § 1404(a).

Defendants maintain that the Court may transfer the action to New Hampshire since plaintiff could have brought a separate action against defendants in New Hampshire and thus fulfilling the "where it might have been brought" requirement of § 1404(a). Defendants must establish that there is proper venue, otherwise this Court is without power under § 1404(a) to transfer the case. *Hoffman v. Blaski,* 363 U.S. 335, 343–44, 80 S.Ct. 1084, 1089–90, 4 L.Ed.2d 1254 (1960); *American Electronic Laboratories, Inc. v. Dopp,* 334 F.Supp. 339, 343 (D.Del.1971).

Venue in patent infringement actions is governed exclusively by 28 U.S.C. § 1400(b). *Fourco Glass Co. v. Transmirra Products Corp.,* 353 U.S. 222, 229, 77 S.Ct. 787, 792, 1 L.Ed.2d 786 (1957). That statute provides:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

For the purposes of § 1400(b), "the judicial district where the defendant resides" is the state where the defendant is incorporated. *Fourco Glass Co.,* 353 U.S. at 226, 77 S.Ct. at 790. Defendants, SIMS and Concord, are both incorporated in the State of Delaware. Thus, since neither defendant resides in New Hampshire, the burden is on the defendants to show that venue is proper in New Hampshire pursuant to § 1400(b) by establishing that each defendant, Concord and SIMS, has committed acts of infringement in New Hampshire and

that each has a regular and established place of business in New Hampshire. *See Funnelcap, Inc. v. Orion Industries, Inc.,* 392 F.Supp. 938, 942 (D.Del.1975) (holding burden on defendant to show a regular and established business in the transferee forum).

It is undisputed by the parties that Concord meets both prongs of the second half of the disjunctive § 1400(b) standard. Concord's corporate headquarters is located in New Hampshire. In addition, Concord researched, developed, and manufactured the accused product in New Hampshire. Concord has a "regular and established place of business" in New Hampshire within the meaning of the statute because of its level of activity in New Hampshire. *See In Re Cordis,* 769 F.2d 733 (Fed.Cir.), *cert. denied,* 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed. 2d 122 (1985) (holding permanent and continuous presence in forum is a regular and established place of business in that forum). If Concord has infringed the patent, it has done so in New Hampshire. Therefore, with respect to Concord, New Hampshire is a venue where Ballard might have brought the suit under § 1400(b) and thus, one to which it might have been transferred pursuant to 28 U.S.C. § 1404(a).

The dispute among the parties lies with the ability of Ballard to sue SIMS in New Hampshire.

### 1. Acts of Infringement by SIMS

An act of infringement for venue purposes is defined by 35 U.S.C. § 271 (1982 and Supp. III 1984) as the unauthorized making, using, or selling of a patented invention. *See Alco Standard Corp. v. Tennessee Valley Authority,* 448 F.Supp. 1175, 1182 (D.Tenn.1978) (meaning of "acts of infringement" in patent venue statute determined by reference to definition of patent infringement in § 271). Performance of only one of the three enumerated activities meets the § 271 definition of patent infringement. *Roche Products v. Bolar Pharmaceutical Co.,* 733 F.2d 858, 861 (Fed.Cir.), *cert. denied,* 469 U.S. 856, 105 S.Ct. 183, 83 L.Ed.2d 117 (1984). Thus the making of a patented product without use

or sale is itself infringement. *See generally* D. Chisum, *Patents* § 16.02(3) (1987).

Defendant asserts that Steri–Cath, the product in issue, was developed, improved and prototypes manufactured in New Hampshire. The manufacture of the prototype in New Hampshire constitutes an alleged "making" thus arguably infringing plaintiff's patent in New Hampshire. *See Paper Converting Machine Co. v. Magna–Graphics Corp.,* 745 F.2d 11 (Fed.Cir.1984) (testing during patented term of significant element of patented item is infringement). The allegation of manufacture of the prototype meets defendants' burden as to venue since courts have consistently held an allegation of infringement is itself sufficient to establish venue and the moving party is not required to demonstrate actual infringement by defendant's device. *See Funnelcap, Inc. v. Orion Indust. Inc.,* 392 F.Supp. 938, 941 (D.Del.1975) (citing cases therein); *In re Cordis Corp.,* 769 F.2d 733, 737 (Fed. Cir.), *cert. denied,* 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985) (issue of infringement not reached on merits in considering venue requirements).

### 2. Regular and Established Place of Business of SIMS

To meet the venue standard of § 1400(b), defendant must not only have committed an "act of infringement" within New Hampshire but must also have a regular and established place of business within New Hampshire.

There has been no definitive test promulgated by the courts that will determine in each case where venue properly lies under § 1400(b). *Clopay Corp. v. Newell Companies, Inc.,* 527 F.Supp. 733, 740 (D.Del. 1981) (citing *Brevel Products Corp. v. H & B American Corp.,* 202 F.Supp. 824, 827 (S.D.N.Y.1962)). The Federal Circuit has stated that the proper inquiry "is whether the corporate defendant does its business in that district through a permanent and continuous presence there...." *In Re Cordis Corp.,* 769 F.2d 733 (Fed.Cir.), *cert. denied,* 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985).

Although a fixed physical presence in the judicial district is not required, a majority of courts have found that the physical location over which defendant exercises control and where defendant engages in a substantial part of its ordinary business in a continuous manner is sufficient to find a regular and established place of business. *Clopay*, 527 F.Supp. at 740; *see also L.D. Schreiber Cheese v. Clearfield Cheese*, 495 F.Supp. 313, 317 (W.D.Pa.1980) (regular and established place of business described as place where party engages in a continuous manner a substantial part of its business); D. Chisum, *Patent* § 21.02(2) (1987) (generally any physical location at which business conducted is sufficient).

According to the affidavits proffered by defendant, Dkt. 26, App. B (Affidavit of R. Condin); Dkt. 31 (Affidavit of W. Hollister), SIMS' corporate headquarters have been located in Keene, New Hampshire, since prior to March 15, 1988. Also, the president, treasurer, as well as other executives of the corporation, are located in Keene, New Hampshire. *Id.* It follows that on March 15, 1988, SIMS thus had a regular and established place of business in New Hampshire. Therefore, defendants have shown that when this action was commenced in this Court, it "might have been brought" in the United States District Court for the District of New Hampshire. Having determined New Hampshire is a jurisdiction where the Delaware complaint "might have been brought," the issue becomes whether transfer is warranted after weighing the "convenience of the parties and witnesses" and the "interest of justice" to the venue selected. *Chrysler Capital Corp. v. Woehling*, 663 F.Supp. 478, 482 (D.Del.1987).[1]

### B. *Burden on Defendants*

In *Shutte*, the Court of Appeals for the Third Circuit stated:

It is black letter law that a plaintiff's choice of proper forum is a paramount consideration in any determination of a transfer request, and that choice 'should

not be lightly disturbed.' ... In accord with that sound doctrine, one district court recently correctly observed: The decision to transfer is in the Court's discretion, but a transfer is not to be liberally granted.... The burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer, ... and unless the balance of convenience of the parties is *strongly* in favor of the defendant, the plaintiff's choice of forum should prevail. (citations omitted; emphasis in original).

*Shutte*, 431 F.2d at 25. Therefore, plaintiff's choice of forum should not be defeated unless defendant can demonstrate that the § 1404(a) factors strongly indicate a transfer is needed. *Sports Eye, Inc. v. Daily Racing Form, Inc.*, 565 F.Supp. 634, 637 (D.Del.1983); *General Instrument Corp. v. Mastek Corp.*, 417 F.Supp. 821, 822 (D.Del.1976). However, if the plaintiff chooses a forum which has "no connection to himself or the subject matter of the suit, and is thus not his 'home turf,' the burden on the defendant is reduced and it is easier for the defendant to show that the balance of convenience favors transfer." *Chrysler Capital*, 663 F.Supp. at 482. Thus, where plaintiff is not on its home turf, the "quantum of inconvenience to defendant needed to tip the balance of transfer is concomitantly reduced." *Sports Eye*, 565 F.Supp. at 637 (quoting *Clopay Corp. v. Newell Companies, Inc.*, 527 F.Supp. 733, 736 (D.Del.1981)).

It is undisputed that Delaware is not the home turf of Ballard. Ballard is a Utah corporation and Utah is the site of all of its major activities. The alleged infringement did not occur in Delaware but rather in New Hampshire. Pursuant to § 1404(a), the transfer inquiry must focus on the convenience of parties and witnesses and the "interests of justice."

### 1. *Convenience of Parties and Witnesses*

New Hampshire is defendant Concord's principal place of business as well as its

---

**1.** The Court concludes plaintiffs could have brought this action in New Hampshire as a separate action and thus will not consider whether the opportunity to bring a counter-

claim in the New Hampshire action is sufficient to satisfy the § 1404(a) criteria of "where it might have been brought."

corporate headquarters. The product was researched, developed, and manufactured by Concord in New Hampshire. The executives who authorized and oversaw the development, research, manufacture, and sales of the produce are all located in New Hampshire. Defendant SIMS corporate headquarters is in New Hampshire. Although SIMS' principal place of business is located in California, the individuals involved in the development and design are located in New Hampshire as are all such related documents. *See Jahncke Service, Inc. v. OKC Corp.*, 301 F.Supp. 866, 868–69 (D.Del.1969) (significant factor in granting transfer is that all witnesses located in transferee forum). All records concerning the product are located in New Hampshire. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1964) (location of records and documents also factor properly considered in determining appropriate forum in motion to transfer under § 1404(a)).

 A court will not grant a transfer simply because the transferee court is more convenient for defendants. *Derry Finance v. Christiana Companies, Inc.*, 555 F.Supp. 1043, 1046 (D.Del.1983). If the transfer would merely switch the inconvenience from defendant to plaintiff, the transfer should not be allowed. *See Sports Eye, Inc. v. Daily Racing Form*, 565 F.Supp. 634 (D.Del.1983) (holding inconvenience to plaintiff insignificant if only additional cost is initial travel expense). In this case, New Hampshire is no less convenient forum for Utah-based Ballard than is Delaware. The convenience for all the parties and witnesses counsels transfer to the District of New Hampshire.

#### C. *Interest of Justice*

 Another criterion which must be weighed in deciding a motion to transfer is the interest of justice. *Chrysler Capital*, 663 F.Supp. at 483. Approximately four months prior to the commencement of the present action, Concord and SIMS brought suit against Ballard in New Hampshire. In their New Hampshire complaint SIMS and Concord sought a declaratory judgment of non-infringement, invalidity, and unenforceability of the patents in suit here. It is a well-settled principle that "when there is more than one lawsuit involving the same parties and the same issues pending in different courts, the court first obtaining jurisdiction of the parties and the issues should proceed with the litigation." *General Battery Corp. v. TSS–Seedmans*, 609 F.Supp. 488, 489 (E.D.Pa.1985) (quoting *Omni–Exploration, Inc. v. McGookey*, 520 F.Supp. 36, 37 (E.D.Pa.1981)). Where two suits involve the same subject matter and the same parties are both pending, the suit first filed shall have priority unless there is a showing of inconvenience in favor of the second suit. *Pall Corp. v. Bentley*, 523 F.Supp. 450, 453 (D.Del.1981); *William Gluckin & Co. v. Internal Playtex Corp.*, 407 F.2d 177, 178 (2d Cir.1969). No evidence exists that the first action was improperly brought in New Hampshire, In fact, the New Hampshire court denied Ballard's motion to dismiss for lack of personal jurisdiction and, alternatively, that venue was improper. *Concord Labs, Inc. v. Ballard Medical Products*, 701 F.Supp. 272 (D.N.H.1987).

To better serve the ends of efficient litigation and justice, the court should litigate all issues arising relating to patents in one place, before one court. *E.I. Dupont de Nemours & Co. v. Diamond Shamrock Corp.*, 522 F.Supp. 588, 592 (D.Del.1981). Since both suits raise almost identical issues, permitting these two actions to proceed in separate districts would produce the waste of time, energy, and money that § 1404(a) was designed to prevent. *Continental Grain Co. v. Barge*, 364 U.S. 19, 26, 80 S.Ct. 1470, 1475, 4 L.Ed.2d 1540 (1960); *see also Pall v. Bentley*, 523 F.Supp. at 453 (consolidation of two actions would promote judicial efficiency, save witnesses time and expense of appearing at more than one action, avoid costs of filing duplicative records in two courts, prevent possibility of inconsistent results and allow for more orderly pre-trial discovery). Considering the relevant factors under § 1404(a), defendants have met their burden of showing the convenience of parties and witnesses and the interest of justice necessitate

transfer of this action from this district under § 1404(a) to the District of New Hampshire.

### D. The Radford Counterclaim

■ Richard Radford joined Ballard in bringing this patent action against Concord and SIMS in the Delaware District. Approximately two months after the commencement of the action the parties agreed to a stipulation and proposed order that dismissed Radford as a party to the complaint and allowed Ballard to file an amended complaint and defendants to file amended answers and counterclaims.

Defendants, in their amended answer, named Radford as a counterclaim defendant alleging that he was a coconspirator along with Ballard in violation of Section 1 and 2 of the Sherman Act ("Radford counterclaim"). In the present motion defendants are attempting to transfer the Radford counterclaim along with the Ballard patent infringement action.

Defendants argue, *inter alia*, the Court, in determining whether to transfer the action, must look at the situation which existed when the suit was initiated. When Radford joined the complaint, he acquiesced to the jurisdiction and venue of this Court with respect to all counterclaims that could have been raised against him as well as the ability of the Court to transfer the action. Further, Concord and SIMS assert the stipulation merely dismissed Radford as a party to the complaint, not as a party to the action. Therefore, defendants assert Radford did not withdraw from the action as a potential counterclaim defendant.

Defendants urge the Court must determine, as it did with Ballard, whether under § 1404(a) Radford could have brought the suit on March 15, 1988, in New Hampshire and, if so, whether the interests of justice and convenience of the parties weigh in favor of transferring the action to New Hampshire. Radford maintains this Court must determine whether defendants Concord and SIMS could have brought the antitrust claims against Radford in New Hampshire. That is, defendants must show the New Hampshire court has personal jurisdiction over Radford and that venue could be found in New Hampshire.

The Court finds Radford's argument persuasive. Although counterclaim defendant Radford chose Delaware as the forum in which to litigate his claim for § 1404 purposes, he cannot be said to have contemplated the filing of an antitrust counterclaim against him by defendants. Thus, Radford's choice does not constitute consent or waiver to venue in this Court regarding the counterclaim. *See Continental Illinois Nat. Bank & Trust Co. v. Stanley*, 606 F.Supp. 558, 563 (N.D.Ill.1985) (plaintiff's choice of forum does not constitute waiver to venue for purposes of defendant's counterclaim); *Independent Bankers Ass'n of America v. Conover*, 594 F.Supp. 635, 640 (N.D.Ill.1984) (same). Therefore defendants must show they could have brought the counterclaim against Radford in New Hampshire, since the burden is on the moving party to establish venue in the transferee court. *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir.1973).

■ Section 4 of the Clayton Act, 15 U.S.C. § 15 (1982), provides that venue is proper in the district in which defendant resides, is found or has an agent. By affidavit Radford has proffered that he does not reside, is not employed, nor has ever transacted business in the State of New Hampshire. Dkt. 30, App. 1 (Affidavit of F.R. Radford). On the record, venue does not lie with respect to Radford in New Hampshire. Moreover, defendants SIMS and Concord could not have brought this action in the original New Hampshire action since the antitrust violation SIMS and Concord complain of is the filing of the complaint by Radford in this Court. It follows the district court in New Hampshire is not the proper forum for the counterclaim against Radford.

In order to avoid duplicity of effort in trying a patent case in two jurisdictions, the Court will order the counterclaim against Radford stayed pending the outcome of the New Hampshire action. In doing so, the Court notes defendants' position that if the antitrust counterclaim

against Radford is to be severed from the remainder of the action and, if they are not successful in their antitrust claim against Ballard in New Hampshire,[2] they will dismiss with prejudice the antitrust counterclaim against Radford in the Delaware District.

### E. Conclusion

For the reasons stated, this Court will order both Ballard's complaint against Concord and SIMS and Concord and SIMS' counterclaim against Ballard transferred to the District of New Hampshire and will deny transfer of Concord and SIMS' counterclaim against Radford to New Hampshire and order the counterclaim stayed pending resolution of the transferred actions.

---

**2.** Venue is proper in New Hampshire as to Concord and SIMS' counterclaim against Ballard pursuant to Section 12 of the Clayton Act, 15 U.S.C. § 22 (1982). The statute provides, *inter alia,* that an antitrust action may be brought against a corporation in any district where it transacts business. In the New Hampshire action, the Court held that Ballard was "doing business" in New Hampshire under 28 U.S.C. § 1391(c) (1982). *Concord Labs, Inc. v. Ballard Medical Products,* 701 F.Supp. 272 (D.N.H. 1987). The concept of "doing business" as used in section 1391 is narrower than the concept of "transacting business" as used in the Clayton Act. *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.,* 291 F.Supp. 252, 257 (D.Pa.1968). Thus the "transacting business" test can be met by fewer local contacts than the "doing business" test. *Friends of Animals, Inc. v. American Veterinary Medical Ass'n,* 310 F.Supp. 620, 622 (S.D.N.Y.1970). Therefore, this Court may properly transfer the Concord and SIMS' counterclaim against Ballard since it "might have been brought" in New Hampshire at the time the counterclaim was filed in Delaware.